Chancellor Desaussure.
The complainant seeks to res-, train the defendant from seizing and selling certain slaves, under his execution against her late husband, Henry Hamon* She relies on a marriage settlement, executed at the time of her marriage, on-the 28th January, 1814, afterwards recorded in the Register’s office in Georgetown district; and she also re«. lies on a deed of conveyance, by which her said husband, Henry Hanion, conveyed, on the 4th August, 1818, the slaves in. question to a trustee, Mr. Pauley, in trust for her, for which she contends a valuable consideration was given by her, in renouncing her right to certain lands which were sold by her said husband. With respect to the marriage settlement, it may be remarked that it cannot have any application to.those slaves purchased by Hanion long after; but if it could, the. marriage settlement itself cannot be supported. . It has not been recorded according to law, and- is. therefore void as to creditors.
*172 Then as to the deed of trust, Henry Hanion, the husband, was considerably indebted at the time of executing that deed on the 4th of August, 1815; he was indebted to this very defendant for a large part of the very debt now attempted to be enjoined, as well as to other persons; and it is now in proof that Hanion had not property to pay his debts. Such a conveyance, if voluntary,, cannot under such circumstances be set up to protect the property in question against creditors. As to the consideration alledged, the proof offered of the negroes having been conveyed in trust because the wife joined in renouncing her right in certain lands for the benefit of the husband, is insufficient to establish that. It is not sufficiently distinct or clear even if admissible; but its admissibility is more than doubtful, being the parol declarations" of the parties interested. If however that evidence were admissible and clearly proved the fact,, it would not support the deed, for the lands being her’s, the husband could sell only his life interest therein, and her joining in renouncing her dower does- not bar her interest; so that in reality there was no consideration to support this voluntary deed. The court cannot therefore grant the relief prayed. It is ordered and decreed that the injunction be dissolved, and the bill dismissed with costs.
From this decree complainant appealed on the grounds,
1st. That the marriage settlement had been duly recorded,,, and was good and valid:
2d. If the marriage deed be void, the presiding chancellor decided erroneously that Hanion was insolvent at the time of executing the deed of trust;, as he had other property acquired by his wife, more than sufficient to. pay all his debts:
3d. That there was a valuable consideration proved, sufficient to support the deed of trust.
For the appellant, it was argued-that the marriage settlement was recorded according to law. 1 Brev. Dig. 176, Tit. 51, Sec. 38; 2 Brev. Dig. 46, Tit. 118, Sec, 7. If the marriage, settlement was properly recorded, then although the sale by the sheriiF divested the title of complainant, yet wRen they were: *173 again settled on her by the deed of trust, she was remitted hack to her former title. 1 Co. Inst. 351, a.
But if the marriage settlement was void, the deed of trust cannot have been fraudulent, although voluntary; for Hanion was abundantly solvent. Besides the four negroes mentioned in the deed of trust, he had thirteen others acquired by his wife, which were liable to his debts; and all the debts, proved or attempted to be proved to have been owing by him at that time, amount to little more than ‡ 1,000. The being in debt at the. time of making such conveyance, is- not of itself conclusive evidence of fraud. Tunno, vs. Trezevant, 2 Eq. Re. 270.
But even if the deed was void as to creditors, the defendant should be restrained from seising and selling the negroes, under his pretended mortgage. A voluntary conveyance, .though void as to creditors, is good as respects the parties to it. Hanion had transferred the legal estate to the trustee, and could not divest it by any act of his own. The mortgage to defendí-an! was his act, and conveyed no title, although in satisfaction of a precedent debt. If defendant seeks to make this property liable, he must obtain an execution; but if he had an execution, he would find other property to satisfy it.
There was sufficient evidence 'of a valuable consideration for this deed. The complainant renounced her right of dower in the land sold to W. Alston. Her husband sold another tract devised to her. From the evidence of the circumstances of Hanion, it is clear that the purchase of these slaves and of the land bought by him,- must have been made with the profits of the estate of Dwight, which was in the hands of complainant, as his executrix. But those profits ought to have been applied to the payment of the debts of the estate; and it was a fraud in the husband to suffer the property to be sold, and purchase it himself with those funds. This court regards the husband of an executrix as liable to the heirs, and will restrain him from committing waste, and compel him to give security, as an administrator. The court will protect the interests of the wife, when they perceive a manifest disposition on the part of the husbandi to impair them. 3 Eq. Re. 40 to 60.
Flagg and Green, for complainant,
King and Taylor, for defendant.
For respondent. The marriage settlement is clearly void ior want of recording. See Taylor, vs. Heriot, 4 Eq. Rep. 247. Even if properly recorded, the sheriff’s sale would have vested the property in Hanion.
The other question involved in the case is, could Hanioti make a voluntary conveyance of the property for the benefit of wife. It seems hardly necessary to quote authorities to shew that one who is in debt cannot make a voluntary conveyance in fraud of his creditors. The defendant was an existing creditor, at the time of the conveyance, to the amount of ‡ 600. Such conveyance will also be void as to subsequent creditors, if it can be inferred that it was executed with a view to the contracting future debts, and such fraudulent intention will always-be presumed, unless rebutted by the circumstances, as where a man becomes involved by securitysbip. This is established by the case of Stanyarne, and Stanyarne, recently decided by this court in Charleston. See also Ed. Hardwicke’s opinion, in Townsend, vs. Windham, 2 Ves. 10; Taylor, vs. Heriot, 4 Eq. Rep. 232; Robts. on fraud, con. 18, 19.
But it is said that complainant was a purchaser for valuable consideration. If the sale of land made by the sheriff was good, she was divested of her inheritance, and had only a right of dower. This is a mere contingent interest, and not a sufficient consideration for the purchase of property worth ‡ 1,000 more than the real estate sold for. But no such consideration is expressed in the deed or proved to the court. If the sale of the sheriffbe not good, then she has never renounced her inheritance, and the sale by the sheriff is a mere pretence. But in fact there is not the least reason for supposing any connection between the sale of the land and the purchase of the slaves; more than a year intervened between them: besides, no such consideration is expressed in the renunciation and none other can be proved.
Decree affirmed by the whole court.